UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY SLADE, | No. 2:21-cv-00464 KJM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| RAYMOND MADDEN, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 7, 2019 conviction for kidnapping, reckless evading, evading against traffic, spousal battery, child endangerment, failure to stop, and contempt of court for violating a domestic violence protective order. Petitioner was sentenced to 16 years and eight months in state prison. Petitioner argues that there was insufficient evidence for the kidnapping conviction.[1] (ECF No. 1.) After careful review of

---

[1] Petitioner attached a portion of his opening appellate brief to his habeas petition. His opening appellate brief included a second claim—that the trial court erred in failing to stay sentence for evading traffic under Penal Code section 654 because it was part of a single course of conduct that also constituted child endangerment. (ECF No. 1 at 22.) The state appellate court agreed with petitioner and modified the judgment accordingly. (ECF No. 19-1 at 1-2, 5-8.) Petitioner did not appeal the state appellate court's ruling on his second claim; instead, he petitioned the California Supreme Court for review of his first claim only. (ECF No. 19-6.) When this Court

1

the record, this court concludes that the petition should be denied.

II. Procedural History

On March 7, 2019, a jury found petitioner guilty of kidnapping (Cal. Penal Code § 207(a)), reckless evading a peace officer (Veh. Code, § 2800.2), evading against traffic (Veh. Code, § 2800.4), spousal battery (Cal. Penal Code § 243(e)(1)), child endangerment (Cal. Penal Code § 273a(a)), failure to stop (hit and run) (Veh. Code, § 20002(a)), and contempt of court for violating a domestic violence protective order (Cal. Penal Code § 166(a)(4)).  (ECF No. 19-8 at 218-20.)  On May 28, 2019, petitioner was sentenced to 16 years and eight months in state prison.  (ECF No. 19-9 at 41.)

Petitioner appealed the conviction to the California Court of Appeal, Third Appellate District.  (ECF Nos. 19-3 to 19-5.)  The Court of Appeal modified the judgment to impose and stay full term sentences on two counts and affirmed the modified judgment.  (ECF No. 19-1.)  The trial court subsequently amended the felony abstract of judgment and sentenced petitioner to 15 years and four months in state prison.  (ECF No. 19-2.)

Petitioner filed a petition for review in the California Supreme Court, which the court denied on June 24, 2020.  (ECF Nos. 19-6 & 19-7.)

Petitioner filed the instant petition on February 9, 2021.  (ECF No. 1.)  Respondent filed an answer on February 2, 2022.  (ECF Nos. 18 & 19.)  Petitioner did not file a traverse.

III. Facts[2]

After independently reviewing the record, this court finds the appellate court's summary accurate and adopts it herein.  In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District

---

asked petitioner to prove exhaustion of his claims, he filed a notice of the California Supreme Court's summary denial of his first claim.  (ECF Nos. 9 & 10.)  As a result, this Court construes his habeas petition as raising only one ground for habeas relief.  Petitioner has already received his requested relief from the state courts on his second claim.

[2] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Slade, No. C089785, 2020 WL 1919214 (Cal. Ct. App. Apr. 21, 2020), a copy of which was lodged by respondent as ECF No. 19-1.

provided the following factual summary:

> Defendant's wife took their toddler child to visit defendant's father and stepmother. Defendant arrived a few minutes after his wife. He did not get along with his father and did not want the child around him. He argued with his stepmother, took the child from her, and announced that they were leaving.
>
> While defendant's wife was transferring a diaper bag and car seat over to the car, a Sacramento Police Department officer arrived in response to a 911 call. Defendant was holding his son and standing on the driver's side of the car, and his wife was standing by the passenger's side door. Defendant looked at the police car and got into the driver's seat of his car while still holding his son. His wife leaned into the open passenger-side door, but defendant put the car in reverse and backed into the car parked behind him. His wife fell into the passenger seat of the car, and defendant accelerated forward to drive around the police car. As defendant drove away and turned a corner, the passenger side door closed. His wife then moved the child from defendant's lap and placed him on the passenger side car floor.
>
> Defendant led police on a chase that lasted approximately 21 minutes and covered 29 miles. His wife asked him to stop and let her out multiple times during the chase. He stopped briefly, twice, but his wife was afraid to get out. At one point, she opened the car door and "tried to roll out" of the car, but defendant turned the car too quickly and she and her son almost fell out of the car. Defendant then reached over and closed the door. He refused to stop and said that "they were all going to die today." Over the course of the chase, defendant regularly exceeded the speed limit on city streets by over 40 miles per hour, drove on the wrong side of the road, and ran stop lights and signs. The chase finally ended when defendant crashed into a parked car. He fled on foot, but was caught shortly thereafter.
>
> The jury found defendant guilty of kidnapping (§ 207, subd. (a); count one), reckless evading (Veh. Code, § 2800.2; count three), evading against traffic (Veh. Code, § 2800.4; count four), spousal battery (§ 243, subd. (e)(1); count five), child endangerment (§ 273a, subd. (a); count six), failure to stop (hit and run) (Veh. Code, § 20002, subd. (a); count seven), and contempt of court for violating a domestic violence protective order (§ 166, subd. (a)(4); count eight).
>
> The trial court ultimately sentenced defendant to 16 years eight months in state prison. The sentence included 12 years (double the upper term) for count six (child endangerment); three years four months (one-third the midterm, doubled) for count one (kidnapping); and one year four months (one-third the midterm, doubled) for count four (evading against traffic). The court imposed and stayed under section 654 a one-year four-month sentence (one-third the midterm, doubled) for count three (reckless evading), but declined to stay the sentence for evading against traffic, opining that it was an "independent crime[ ]" from the kidnapping.

(ECF No. 19-1 at 2-3.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among

1   the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct."
2   Id.  Further, where courts of appeals have diverged in their treatment of an issue, there is no
3   "clearly established federal law" governing that issue.  See Carey v. Musladin, 549 U.S. 70, 77
4   (2006).

5       A state court decision is "contrary to" clearly established federal law if it applies a rule
6   contradicting a holding of the Supreme Court or reaches a result different from Supreme Court
7   precedent on "materially indistinguishable" facts.  Price v. Vincent, 538 U.S. 634, 640 (2003).
8   Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant
9   the writ if the state court identifies the correct governing legal principle from [the Supreme
10  Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[3]
11  Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); see also Chia v.
12  Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, "a federal habeas court may not issue
13  the writ simply because that court concludes in its independent judgment that the relevant state-
14  court decision applied clearly established federal law erroneously or incorrectly.  Rather, that
15  application must also be unreasonable."  Williams, 529 U.S. at 411; see also Schriro v. Landrigan,
16  550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court,
17  in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state
18  court was '"erroneous"'").  "A state court's determination that a claim lacks merit precludes
19  federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state
20  court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v.
21  Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus
22  from a federal court, a state prisoner must show that the state court's ruling on the claim being
23  presented in federal court was so lacking in justification that there was an error well understood
24  and comprehended in existing law beyond any possibility for fair-minded disagreement."  Id. at
25  103.

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding."  Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no

reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court reviews the state court record to "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 101. It remains the petitioner's burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860 (citing Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

V. Petitioner's Claim

Petitioner argues that there was insufficient evidence to prove the asportation element of the kidnapping charge because the movement involved in the kidnapping was incidental to his crimes for evading the police. (ECF No. 1.) In response, respondent argues that a fairminded jurist could conclude that petitioner's actions were not incidental to committing the evasion offenses and were sufficient to establish asportation. (ECF No. 18 at 8-9.)

In the last reasoned opinion, the state appellate court considered and rejected petitioner's argument.

> Defendant first argues that there was insufficient evidence to prove the asportation element of simple kidnapping because the movement involved in the kidnapping was merely incidental to the associated crimes of evading.[2] We disagree.
>
> [N.2 In each of his two briefs, defendant consistently cites Vehicle Code section 2800.4 (evading against traffic) when making this argument. The People's response argues as if the cites were to Vehicle Code section 2800.2 (reckless evading) without addressing the deviation. We assume in our analysis that the argument encompasses both evading crimes and thereby both counts

7

three and four of conviction. We do not condone this carelessness in briefing.]

To assess the sufficiency of the evidence, we "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) We may not reweigh the evidence or substitute our judgment for that of the trier of fact. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"Generally, to prove the crime of kidnapping, the prosecution must prove three elements: (1) a person was unlawfully moved by the use of physical force or fear; (2) the movement was without the person's consent; and (3) the movement of the person was for a substantial distance. [Citation.]" (*People v. Jones* (2003) 108 Cal.App.4th 455, 462.) The movement of the victim, or asportation, required for simple kidnapping must be " 'substantial in character.' " (*People v. Johnson* (2015) 61 Cal.4th 734, 771.) "[I]n determining whether the movement is " 'substantial in character' " [citation], the jury should consider the totality of the circumstances. [Citation.]" (*Ibid.*) In a case involving an associated crime, as here, the totality of the circumstances can include "whether the movement of the victim was for a distance beyond that which was incidental to the commission of an associated crime" (*People v. Bell* (2009) 179 Cal.App.4th 428, 440), "the actual distance the victim is moved, ... whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes." (*Johnson,* at p. 771.) An "increased risk of harm" means "a substantial increased risk of either physical *or* mental harm" and can include "mental suffering." (*People v. Nguyen* (2000) 22 Cal.4th 872, 885-886.)

Here, defendant led police on a 29-minute high-speed chase, during which he regularly exceeded the speed limit by 40 miles per hour. During the chase, he was speeding, he ignored stop lights and signs, and he made illegal U-turns. He almost hit two other vehicles, including a police car, while running red lights. He thereby increased the risk of harm to his wife, the charged victim, well beyond merely evading against traffic, count four.

As for the reckless evading charge, count three, the evidence showed that at the beginning of the chase, defendant caused his wife to fall into the car while the door was open. He then, in *addition* to recklessly evading police, ignored her repeated requests to stop and let her out of the car. He prevented her from getting out by reaching across her seat to close her door. He stopped the car twice for only seconds and in such a manner that she could not get out because she was afraid she would be hit by another car. He told her that they were

8

> all going to die that day. This conduct was substantial and was part of the asportation; it was unnecessary to the associated crime of reckless evasion. Defendant did not merely evade the police in a variety of ways, the evidence showed that he was intent on keeping his wife in the car while he was doing so, despite the fact that he had the apparent ability to let her out of the car in response to her demands but did not do so. That conduct was above and beyond the evading itself, and the considerable evidence of asportation was not merely incidental thereto. There is sufficient evidence of asportation; the evidence of kidnapping was not insufficient.

(ECF No. 19-1 at 3-5.)

A petitioner is entitled to habeas corpus relief on a sufficiency of the evidence claim "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979); see also Ngo v. Giurbino, 651 F.3d 1112, 1115 (9th Cir. 2011). This inquiry involves two steps. First, this court must review the evidence in the light most favorable to the prosecution. Jackson, 443 U.S. at 319. If there are conflicting factual inferences, the federal habeas court must presume the jury resolved the conflicts in favor of the prosecution. Id. at 326 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."); McDaniel v. Brown, 558 U.S. 120, 133 (2010) (per curiam). Second, this court will "determine whether the evidence at trial, including any evidence of innocence, could allow *any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." United States v. Nevils, 598 F.3d 1158, 1165 (9th Cir. 2010) (en banc).

Although this court's review is grounded in due process under the Fourteenth Amendment, the Jackson standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16; Juan H. v. Allen, 408 F.3d 1262, 1275-76 (9th Cir. 2005). This court will look to state law to establish the elements of the offense and then turn to the federal question of whether the state court was objectively unreasonable in concluding that sufficient evidence supported that conviction. See Johnson v. Montgomery, 899 F.3d 1052, 1056 (9th Cir. 2018).

"After AEDPA, we apply the standards of *Jackson* with an additional layer of deference." Juan H., 408 F.3d at 1274; see Coleman v. Johnson, 566 U.S. 650, 651 (2012) (per curiam). On direct appeal at the state level, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

The prosecutor is required to prove the following elements for a kidnapping conviction: "(1) a person was unlawfully moved by the use of physical force or fear; (2) the movement was without the person's consent; and (3) the movement of the person was for a substantial distance." People v. Jones, 108 Cal. App. 4th 455, 462 (2003) (citing Cal. Penal Code § 207(a)). The third element is often referred to as the asportation element. See People v. Harper, 44 Cal. App. 5th 172, 186 (2020). When determining whether the distance was substantial, the trier of fact should consider the totality of the circumstances. See People v. Johnson, 61 Cal. 4th 734, 771 (2015). This includes "'not only the actual distance the victim is moved, but also such factors as whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable attempts to escape and the attacker's enhanced opportunity to commit additional crimes.'" Id. (citation omitted).

With respect to the evading traffic charge, the state court reasonably concluded that petitioner's actions during the high-speed chase "increased the risk of harm to his wife, the charged victim, well beyond merely evading against traffic." (ECF No. 19-1 at 5.) The car chase lasted about 20 minutes and traveled over 29 miles in distance. (ECF No. 19-10 at 217.) During the chase, petitioner's speed exceeded the speed limit by 25 to 50 miles per hour. (Id. at 177, 196-206.) He also ignored traffic signal lights and signs, including driving through red lights and

stops signs, making illegal U-turns, driving on the wrong side of the road, and colliding with several vehicles. (Id. at 128, 196, 264.) At one point during the chase, Ms. Thomas and her child almost flew out of the car. (Id. at 127-28.) Ms. Thomas testified that none of petitioner's driving was safe. (Id. at 168.) The chase ended when petitioner collided with a vehicle and drove over the center median into oncoming traffic before finally coming to the stop. (Id. at 216.) Based on the trial evidence, the state appellate court's determination that petitioner's actions satisfied the asportation element of the kidnapping charge was not objectively unreasonable.

As for the reckless evading a peace officer charge, it was not objectively unreasonable for the state court to conclude that petitioner's "conduct was above and beyond the evading itself, and the considerable evidence of asportation was not merely incidental thereto." (ECF No. 19-1 at 5.) When petitioner started driving away from the police, he backed into another car while his car's open passenger door hit his Ms. Thomas, who was standing next to the vehicle. (ECF No. 19-10 at 104-05, 107-08, 112, 190.) Ms. Thomas jumped into the vehicle. (Id. at 112, 147.) While petitioner was driving, she made repeated requests to get out the vehicle, which he ignored. (Id. at 118-20, 165 (Ms. Thomas testified that petitioner told her "I'm not stoppin'").) Petitioner physically prevented her from getting out of the car, even though she kept her seatbelt off so she could jump out of the car. (Id. at 114-15, 128, 162.) During the chase, petitioner stopped the car a few times, but not in a manner that would let Ms. Thomas safely exit the vehicle. (Id. at 114-15, 118, 123-24, 128.) In light of the trial record, a rational trier of fact could find that the asportation element for kidnapping charge was proved beyond a reasonable doubt.

The state court's finding that there was sufficient evidence of asportation was not contrary to, or an unreasonable application of, clearly established federal law, nor was that finding based on an unreasonable application of the facts. Therefore, this court recommends denying petitioner's petition for habeas relief.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 6, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/TAA/slad0464.157